# EVENER MANUFACTURING COMPANY and Another v. MILES T. FRINK and Others.[1]

July 9, 1909.

Nos. 16,234—(205)..

Action in the district court for St. Louis county against Miles T. Frink, Barnett J. Cook, John J. Haley and the Alvarado Manufacturing Company to determine that plaintiff company is the owner of certain letters patent and all rights thereunder; that defendants be ordered to convey and assign to plaintiff company said letters patent and in default of such conveyance that the judgment of the court operate as such conveyance; that defendants and each of them be restrained from selling or assigning to any person other than the Evener Manufacturing Company the letters patent or any interest therein.

The complaint alleged that Allan L. McGregor and Duncan McGregor refused to perform their contract (Exhibit B) to convey and assign to plaintiff company certain letters patent for an invention, but wrongfully assigned to defendant Frink the exclusive right to the same and the letters patent were issued to defendant Frink; that defendants have conspired to vest the title to said letters patent in defendant company. The answer alleged Exhibit B was obtained by plaintiff company by fraudulent representations to the McGregors and that defendant company was the owner of the letters patent in question.

The case was tried before Cant, J., who made findings and as conclusions of law ordered judgment in favor of defendant company. From an order denying plaintiffs' motion for a new trial, they appealed. Reversed.

J. H. Whitely and H. J. Grannis, for appellants.
Reynolds & McClearn, for respondents.

PER CURIAM.

Prior to January 12, 1902, two brothers, McGregor by name, blacksmiths by trade, invented an evener for vehicles. About that time they made application for a patent on this invention. In March they learned that their application had been favorably acted upon. One Smith, who did business in the name of the Minnesota Loan Company, was applied to for financial assistance to manufacture the invention. An oral agreement was reduced to writing. In accordance therewith the plaintiff and appellant company was organized. It was then agreed in a writing to be referred to as Exhibit B, that in consideration of one dollar and other valuable considerations the McGregors "have sold and assigned and trans-

[1]Reported in 122 N. W. 160.

ferred over, and by these presents do sell, assign, and transfer" unto the said plaintiff company "the full and exclusive right to said invention, and that they agreed that they "would upon the issuance of the letters patent * * * make and deliver to said Evener Manufacturing Company a good and sufficient assignment" to said invention.

Subsequently letters patent were issued to defendant Frink, and were by him assigned to defendant and respondent company, which he had organized in accordance with the agreement. Defendant company is a going concern, and has been since the date of its organization. Plaintiff corporation brought this action for specific performance of its contract and for incidental relief. After trial the court found facts consistent with this statement.

The particular finding of fact whose insufficiency is here challenged is the fifth and was as follows:

"That the agreement, Exhibit B, was obtained by the Evener Manufacturing Company from Allen L. McGregor and Duncan McGregor through and by means of representations which were in part untrue and promises which were not intended by the promisors to be fully or substantially carried out; that during all of said times the said McGregors were unskilled in business, and were almost entirely without means, and were compelled to look to others for such capital as might be necessary to enable them to manufacture the device covered and described in their said application for patent; that the negotiations leading up to the execution of Exhibit B were conducted by said McGregors for the purpose and with the hope on their part of securing such financial assistance as might be necessary to enable them to engage in the manufacture hereinbefore referred to; that the persons with whom such negotiations were conducted knew the said McGregors were without money and that they were unskilled in business; that such persons conceived the plan of organizing said Evener Manufacturing Company as an instrumentality of their own, which it was, and, through the representations and promises hereinbefore referred to, of securing to themselves, without rendering any substantial consideration therefor, a large interest in said patent and in the benefits arising therefrom, and of wrongfully depriving the said McGregors thereof; that said McGregors relied upon said representations and promises, and were thereby misled and induced to execute and deliver said agreement; that there has been no substantial performance of the said promises, which were practically the only consideration to the said McGregors for the execution and delivery of said Exhibit B."

As conclusions of law the court directed that judgment be entered in favor of defendant company as the sole and exclusive owner of the letters patent, and that none of the other parties were to have any interest therein or lien thereon. None of the parties who were named in and who signed the original writing pursuant to which the plaintiff company was organized were expressly made parties hereto. None of the defendants were innocent purchasers for value without notice.

A consideration of this finding of fact has satisfied us that it does not state facts from which fraud, as that term is used in law or equity, can be inferred. Nor does it appear from the facts set forth in that finding that it would have been inequitable to have granted plaintiffs the relief they sought, apart from the finding with respect to plaintiffs' failure to perform. The court finds that the agreement was obtained through representations which were in part untrue and promises which were not intended by the promisors to be fully or substantially carried out, and that there has been no substantial performance of said promises. What those representations or promises were does not appear. Whether the representations which were in part untrue and the promises which were not intended to be fully or substantially carried out were material or not cannot be determined. Whether the failure to perform was in fact substantial can be conjectured only.

It is unsatisfactory and undesirable to determine litigation, carefully conducted as this has been, on anything resembling a technicality. We have considered the finding in the light of the record, but are constrained to conclude that a new trial must be granted, without a consideration or determination of the real merits of the litigation.

Reversed.

LEWIS, J., dissents.